UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRANDI H.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**ORDER OF DISMISSAL**

6:21-CV-6495-EAW

On June 30, 2021, *pro se* plaintiff Brandi H. ("Plaintiff") filed a complaint and an *in forma pauperis* motion in the United Stated District Court for the Southern District of New York. (Dkt. 1; Dkt. 2). On July 23, 2021, the matter was transferred to this Court. (Dkt. 5).

The Court issued the summons on July 23, 2022, and the Commissioner was served electronically that day in accordance with Local Rule of Civil Procedure 5.5. (Dkt. 6). On July 26, 2021, the Court denied Plaintiff's *in forma pauperis* motion with leave to refile it. (Dkt. 7). On August 6, 2021, Plaintiff refiled her motion for *in forma pauperis* relief, which the Court granted on August 25, 2021. (Dkt. 8; Dkt. 9). The Commissioner filed a Notice of Appearance (Dkt. 10; Dkt. 11), and on September 27, 2021, filed the administrative transcript. (Dkt. 12).

Pursuant to Local Rule of Civil Procedure 5.5, Plaintiff was supposed to file her legal brief on the merits by on or about November 26, 2021, *i.e.*, within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(d). Because Plaintiff failed to file her motion or communicate with the Court otherwise, the Court issued an Order to

Show Cause requesting Plaintiff to explain her noncompliance with this deadline. (Dkt. 14). The Court also provided Plaintiff with a copy of Local Rule 5.5, specifically stating that Plaintiff's failure to properly articulate her legal arguments in accordance with Local Rule 5.5 will result in the dismissal of the action. (*Id.*). Since then, Plaintiff has neither filed a response to the Order to Show Cause nor otherwise communicated with the Court. For the reasons set forth below, this case is hereby dismissed with prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). No single factor is generally dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

As to the duration of Plaintiff's failure to comply with the Court's Orders, her legal brief in support of the dispositive motion was due approximately five months ago by November 26, 2021, *i.e.*, within 60 days of the filing of the administrative transcript. Plaintiff was aware of the deadline because she received a copy of Local Rule 5.5, which sets forth this briefing schedule, when the matter was first transferred to this Court and then when this Court provided Plaintiff with a copy of its Order to Show Cause. (Dkt. 14). Nonetheless, Plaintiff has failed to file her legal brief in support of the dispositive motion.

Plaintiff had notice that her failure to comply with the Court's Orders would result in the dismissal of this case because the Order to Show Cause setting specific dates for Plaintiff to file her legal brief explicitly warned Plaintiff that her failure to do so would result in the dismissal of the action with prejudice. (*Id.*). The Court's Local Rules also warn that a *pro se* litigant's failure to comply with the Federal and Local Rules of Civil Procedure "may result in the dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(i).

The Court also finds Plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with disability applications and appeals. Similarly, although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context; there are over 1,300 Social Security appeals currently pending in this District. This case is almost a year old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given Plaintiff multiple opportunities to be heard and pursue her Social Security appeal, but she has refused to prosecute this action and respond to the Court's Orders by filing her legal brief. Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel Plaintiff to prosecute this case.

## CONCLUSION

Because Plaintiff failed to comply with the Court's Orders and correct the noncompliance despite being warned of the consequences of failing to file her legal brief, this action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	April 25, 2022
	Rochester, New York